*E-FILED - 3/20/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT PRESTON, | ) | No. C 06-5175 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING |
| | ) | PENDING MOTIONS; |
| v. | ) | INSTRUCTIONS TO CLERK |
| | ) | |
| | ) | |
| OFFICER HAND, et. al., | ) | |
| | ) | |
| Defendants. | ) | (Docket Nos. 7, 11, 12, 14, 16, |
| | ) | 17, 22, 25, 27) |

Plaintiff, a state prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis. On March 30, 2007, the court order service of the complaint on the named defendants. Plaintiff has filed several miscellaneous motions. Defendants have filed a motion to dismiss the complaint for plaintiff's failure to exhaust administrative remedies. Plaintiff has filed an opposition. Although directed to do so, defendants did not file a reply. The court will address plaintiff's pending motions and issue a further scheduling order regarding defendants' motion to dismiss as set forth below.

\\\

\\\

\\\

**DISCUSSION**

A.   <u>Plaintiff's Motion to Add Documents</u>

Plaintiff has filed a motion to proceed to add on documents. In his motion, plaintiff submitted a copy of a Monterey Superior Court order granting defendants' demurrer in case no. M81135, <u>Robert Preston v. Correctional Officer R.L. Hand, et al.</u>, dated January 22, 2007. The court will GRANT plaintiff's motion to add documents (docket no. 7). The court will consider the Monterey Superior Court order as an exhibit to plaintiff's opposition to the pending motion to dismiss.

B.   <u>Plaintiff's Motions to Add Information and Claim</u>

Plaintiff has filed a "motion request to add on reinjured plaintiff." In his motion, plaintiff states that he suffered a further injury to his back on April 25, 2007. Plaintiff alleges that this injury is based on the retaliatory conduct of defendant Lira and three other defendants not named in the instant complaint. Plaintiff requests to add a claim of retaliation against these defendants.

The court notes that Plaintiff's claim concerning his April 2007 injury is not before the court in the instant complaint. This new claim names additional defendants not named in the instant complaint. Additionally, it appears that this April 2007 retaliation complaint is not exhausted. Plaintiff must address this issue through the administrative process available to plaintiff pursuant to 42 U.S.C. § 1997e(a).

In order to exhaust available administrative remedies within the state prison system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). <u>Id.</u> at 1237-38. Courts do not have discretion under § 1997e(a) to excuse exhaustion. <u>Id.</u> at 1825 n.5. Accordingly, plaintiff's motion to add a claim and name new defendants based on his April 2007 injury (docket no. 11) is DENIED without prejudice.

\\\

1        Plaintiff also filed a "motion request for add on admissions and truth of facts."  In his
2   motion, plaintiff requests that the defendants answer the statements and questions attached to his
3   motion.  The court notes that plaintiff's request is characterized as a motion, however, it is a
4   discovery request for interrogatories.  Accordingly, the court DENIES plaintiff's motion to add
5   admissions and truth of facts (docket no. 12) without prejudice.

6        For plaintiff's information, the proper manner of promulgating discovery is to send
7   demands for documents or interrogatories (questions asking for specific, factual responses)
8   directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to
9   matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).
10  Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
11  cumulative or duplicative, or is obtainable from some other source that is more convenient, less
12  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
13  discovery in the action to obtain the information sought; or (iii) the burden or expense of the
14  proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  Accordingly,
15  plaintiff may submit any discovery requests directly to defendants' counsel.

16  C.    Plaintiff's Motions for Default Judgment

17       Plaintiff has filed two motions for default judgment.  Plaintiff states that defendants did
18  not file a motion or respond to the court's March 30, 2007 order of service within sixty days, as
19  set forth in the court's order.  However, according to the court's docket, the summons and copy
20  of the complaint were issued to the defendants on April 25, 2007.  Summons were returned
21  executed showing service on defendants Lira and Castle on June 19, 2007, and service on
22  defendant Hand on June 25, 2007.  On July 23, 2007, defendants responded by filing a letter to
23  the clerk stating that a waiver of service was sent to defendants on May 29, 2007.  See docket no.
24  24.  Therefore, defendants response was due by July 28, 2007 pursuant to Federal Rule of Civil
25  Procedure 4(d)(3).  Defendants filed a motion to dismiss on July 27, 2007 (docket no. 25).
26  Accordingly, defendants have timely responded to the court's order of service.  Plaintiff's
27  motions for default judgment (docket nos. 14, 22) are DENIED.
28  \\\

D.    Plaintiff's Motion Regarding Jurisdiction and Motion of Opposition to Notice of Demurrer

Plaintiff has filed a "motion of jurisdiction of statements." In his motion, plaintiff states that he will identify the basis for federal jurisdiction. However, plaintiff's motion provides details concerning his Monterey Superior Court case, no. M81135, Robert Preston v. Correctional Officer R.L. Hand, et al. As set forth in the order of service, this court has jurisdiction over plaintiff's civil rights claims in the complaint pursuant to 42 U.S.C. § 1983. Accordingly, plaintiff's motion for jurisdiction (docket no. 16) is DENIED as moot.

Plaintiff also filed a motion for opposition, notice of demurrer and motion to quash service of summons to stay or dismiss action. The court notes that plaintiff's motion concerns his state court case in the Monterey Superior Court, listed above. Accordingly, plaintiff's motion (docket no. 17) is DENIED as moot.

E.    Motion for Extension of Time

Plaintiff filed a motion for extension of time to file his opposition to defendants' motion to dismiss on August 14, 2007. Thereafter, plaintiff filed his opposition on August 23, 2007. Plaintiff's motion for extension of time (docket no. 27) is DENIED as moot because plaintiff has timely filed his opposition.

F.    Defendants' Motion to Dismiss

Defendants filed a motion to dismiss the complaint for plaintiff's failure to exhaust administrative remedies and Plaintiff has filed opposition. In the opposition, plaintiff alleges that he timely re-submitted his administrative appeal, however, the appeal was held by the appeals coordinator for six months. Plaintiff submitted documentation concerning his allegations and alleges that the entire record of his administrative appeals has not been submitted to the court.

Although directed to do so, defendants did not file a reply brief. It appears that defendants did not receive a copy of plaintiff's opposition and supporting documents. The court will allow defendants an opportunity to respond to plaintiff's arguments and to clarify the alleged timely admission of his appeal and whether the entire record of his administrative

1  appeals through the Director's level of review has been submitted to the court.

2  Accordingly, defendants' motion to dismiss (docket no. 25) is DENIED without prejudice. The

3  clerk is instructed to send defendants's counsel a copy of plaintiff's opposition and supporting

4  documents (docket no. 28). Defendants shall file a reply brief as set forth in the scheduling order

5  below. Once the reply brief is submitted, the court will reconsider the motion to dismiss.

## CONCLUSION

1. Plaintiff's motion to add documents (docket no. 7) is GRANTED. The court will consider the Monterey Superior Court order as an exhibit to plaintiff's opposition to the pending motion to dismiss.

2. Plaintiff's motion to add a claim based on his April 2007 injury (docket no. 11) is DENIED without prejudice.

3. Plaintiff's motion to add admissions and truth of facts (docket no. 12) is DENIED without prejudice.

4. Plaintiff's motions for default judgment (docket nos. 14, 22) are DENIED.

5. Plaintiff's motion for jurisdiction (docket no. 16) is DENIED as moot.

6. Plaintiff's motion for opposition, notice of demurrer and motion to quash service of summons to stay or dismiss action (docket no. 17) is DENIED as moot.

7. Plaintiff's motion for extension of time (docket no. 27) is DENIED as moot.

8. Defendants' motion to dismiss (docket no. 25) is DENIED without prejudice and CONTINUED in order for defendants to reply to plaintiff's opposition.

9. The clerk is instructed to send defendants a copy of plaintiff's opposition (docket no. 28).

10. Defendants shall file a reply brief **within thirty (30) days** of receipt of plaintiff's opposition. Once the reply brief is submitted, the court will reconsider the motion to dismiss.

11. It is plaintiff's responsibility to prosecute this case. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

\\\

1  Plaintiff must keep the court and all parties informed of any change of address and must comply
2  with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this
3  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).
4       IT IS SO ORDERED.
5  DATED:   3/19/08                                    *Ronald M. Whyte*
                                                        RONALD M. WHYTE
6                                                       United States District Judge