*E-FILED - 3/18/09*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| ROBERT PRESTON, | ) | No. C 06-5175 RMW (PR) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| vs. | ) ) ) | |
| OFFICER HAND, et al., | ) ) | |
| Defendants. | ) ) ) | (Docket Nos. 25, 35, 39, 40, 41, & 42) |

Plaintiff, a California state prisoner proceeding pro se, brings the instant civil rights action under 42 U.S.C. § 1983, alleging that officials at Salinas Valley State Prison ("SVSP") violated his Eighth Amendment rights. Defendants move to dismiss this action pursuant to the nonenumerated portion of Fed. R. Civ. P. 12(b) on the ground that plaintiff failed to exhaust his administrative remedies before bringing suit in federal court. Plaintiff has filed an opposition. After reviewing the record, the court concludes that the motion should be granted.

**BACKGROUND**

This action arises from plaintiff's alleged slip-and-fall in the scullery of an SVSP kitchen on December 20, 2005. Compl. at 6. Plaintiff alleges that, in violation of the Eighth Amendment, defendants failed to ensure a safe working environment for SVSP inmates working

1   in the dining hall and kitchen of the prison.[1]  Id. at 6, 9.  Plaintiff asserts that he did pursue his
2   administrative remedies regarding this claim.  According to plaintiff, he filed his California
3   Department of Corrections ("CDC") form 602 on December 26, 2005.  Id. at 2.  Plaintiff asserts
4   that the appeal coordinator "kept" this 602 form and that he separately sent another form to the
5   "appeals branch in SAC."  Id.  Plaintiff does not allege or provide evidence that he pursued his
6   administrative remedies beyond that point.

7       Defendants contend that plaintiff failed to exhaust his administrative remedies.  To
8   support this contention, defendants have submitted evidence in the form of a declaration from T.
9   Variz, the Appeals Coordinator at SVSP.  In this declaration, Variz avers that on December 27,
10  2005 plaintiff submitted an inmate appeal regarding the alleged slip-and-fall, which the inmate
11  appeals office received on December 28, 2005.  Defendants' Mot. to Dismiss ("MTD"), Decl. of
12  T. Variz ¶ 5.  According to Variz, this appeal was "[s]creened [o]ut as incomplete as [plaintiff]
13  failed to provide supporting documentation for this claim."  Id.  Variz asserts that the appeal was
14  returned to plaintiff with an inmate appeal screening form, which was dated December 28, 2005,
15  and with instructions on how to submit an acceptable appeal.  Id.  According to Variz, plaintiff
16  failed to resubmit his appeal within fifteen days of the receipt of the rejected appeal, and instead
17  filed a duplicate appeal, which he dated June 12, 2006, and which was received on June 14.  Id.
18  ¶¶ 5–6.  This appeal was rejected on June 20 on the basis that it was a duplicate of his original
19  appeal, and as such, was untimely.  Id. ¶ 6.  Plaintiff and defendants both submitted as exhibits to
20  their filings a copy of a memorandum sent to plaintiff and signed by Variz, dated August 7,
21  2006, that contains a description of these same facts.  MTD, Decl. of Amy Lo, Ex. E; Pl's. Opp.
22  to MTD.

## DISCUSSION

24      Defendants contend that plaintiff failed to exhaust the four-step administrative procedure
25  available to California inmates.  Defs.' Mot. to Dismiss ("MTD") at 3.
26      Prisoners must properly exhaust their administrative remedies before filing suit in federal

---

28  [1] The court consented to exercise jurisdiction over plaintiff's related state negligence tort claim.

Order Granting  Defendants' Motion to Dismiss
G:\Pro-Se\SJ.RMW\CR.06\Preston175.mtd.md            2

court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

Compliance with prison grievance procedures is all that is required to "properly exhaust." Jones v. Bock, 127 S. Ct. 910, 922–23 (2007). The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the Prison Litigation Reform Act [42 U.S.C. § 1997e], that define the boundaries of proper exhaustion. Id. at 923.

The four-steps of California prison inmate administrative review are: (1) an informal review; (2) a first formal level review; (3) a second formal level review by the institution head or designee; and (4) a third formal level review by the director of the California Department of Corrections. 15 Cal. Code. Regs. § 3084.2(a). For each level of review, an inmate must file his CDC form 602 "within 15 days of the event or decision being appealed." Id. § 3084.3(c)(6).

Based on the record before it, the court concludes that plaintiff failed to exhaust his administrative remedies before filing suit in this court. From plaintiff's own admissions, it appears that he completed, or attempted to complete, only two of the four levels of administrative review. Certainly, plaintiff has not provided evidence of a decision by the CDC director. Because the CDC's requirements define the boundaries of proper exhaustion in this case, see Jones at 127 S. Ct. at 923, Plaintiff's federal claims are barred and will be dismissed. Consequently, the court will not exercise jurisdiction over plaintiff's related state tort claim. Defendants' motion is GRANTED.

## CONCLUSION

Plaintiff having failed to exhaust all available administrative remedies, Defendants' motion to dismiss (Docket No. 25) is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Accordingly, plaintiff's motion regarding discovery (Docket No. 35) and his motion for default judgment (Docket No. 39) are DENIED AS MOOT.

Order Granting  Defendants' Motion to Dismiss
G:\Pro-Se\SJ.RMW\CR.06\Preston175.mtd.md          3

1    Plaintiff has submitted two letters (Docket Nos. 40, 41 & 42) alleging that officials at
2 SVSP have retaliated against plaintiff, have submitted fraudulent documents to this court, or are
3 otherwise violating his constitutional rights.  These claims are not currently before the court.  If
4 plaintiff wishes to seek redress under these claims, he must file a separate action.  To the extent
5 that plaintiff's letters are motions related to the instant matter, the court DENIES them.
6    The clerk shall enter judgment, terminate all pending motions, and close the file.
7    **IT IS SO ORDERED.**

9 DATED: __3/16/09_____

   *Ronald M. Whyte*
   RONALD M. WHYTE
   United States District Judge